Davis, C. J.
On an appeal from the probate court, the court of common pleas made an order removing the plaintiff in error from his trust as guardian of one Bertelle L. Smith and revoked all of his powers under such guardianship. The plaintiff in error instituted a proceeding in error in the circuit court to reverse ‘ ‘ the findings, orders and judgment” of the court of common pleas; and when the cause came on to be heard, the circuit court dismissed the petition in error for the reason, as stated in the journal entry, “that it is without jurisdiction to review the order and judgment of the court of common pleas removing the plaintiff in error as such guardian.”
Prior to the amendment of sections 6407 and 6708, Revised Statutes, (95 O. L., 391 and 406) it was held that an order by the probate court removing or refusing to remove an executor, administrator, guardian, etc., was not reviewable by appeal or by proceedings in error. There was then no legislation authorizing an appeal and because such an order was not a final order affecting a substantial right, it was held that it could not be the subject of review upon a petition in error. The conditions are entirely changed now. The right of appeal from such an order is now expressly provided for by the amended section 6407 and the power of the court of common pleas to review such an order in error is also expressly conferred by the amended section 6708. Therefore it is no longer a pertinent question whether such an order is a final order affecting substantial rights; for it is conceded that the right to prescribe in what cases there may be review by error or appeal is wholly within the legislative power and is not the subject of judicial discretion.
*249 That such order is a final order is also conceded; and that it affects substantial rights, if that must be deemed of any importance, must be apparent from the very fact that, in the judgment of the legislature, the rights affected by such order are of sufficient importance to be protected by allowing a review either by appeal or in error. It has been held by this court that the term “substantial right” as used in section 6707, Revised Statutes, involves the idea of a legal right; and that such right is one which is enforced and protected by law. Armstrong v. Herancourt Brewing Co., 53 Ohio St., 467. The rights involved in this order seem to come easily within that definition.
Hence, whether the act of the court of common pleas be regarded as a judgment on appeal or merely as a final order, it can make no difference in the' result. Section 6709, Revised Statutes, confers upon the circuit court jurisdiction to review and reverse, vacate or modify any judgment or final order made by the court of common pleas. ' When sections 6407 and 6708 were amended it was not necessary to amend section 6709 in order to give jurisdiction to the circuit court to review the order made in this case; for the language of the latter section is all-inclusive; and, indeed, it would be necessary to amend that section in order to exclude the order and judgment in this case from the jurisdiction of the circuit court.
The judgment of the circuit court is therefore

Vacated and the cause remanded.

Shauck, Price, Crew, Summers and Spear, JJ., concur.